NOLLER v. WRIGHT.

1. CORPORATIONS—VALIDITY OF STOCK—STOCKHOLDERS' MEETINGS.
   —RIGHT TO ATTEND—TRESPASS—EJECTION.
   In an action for trespass for ejecting plaintiff from a stock-
   holders' meeting, where there was evidence that the stock
   under which plaintiff claimed rights was issued to him in
   compliance with an order of the circuit court, proof of an
   attempt at cancellation by the company was immaterial un-
   til something had been shown militating against the validity
   of the stock.

2. SAME—NOTICE TO ATTEND—ADMISSIBILITY.
   The secretary of the corporation having testified that in issuing
   notices of the meeting to stockholders he was governed by the
   records as they appeared on the books, the notice to plaintiff
   to attend the meeting was admissible.

3. SAME—EXAMINATION OF WITNESS—DISCRETION OF COURT.
   The exclusion of a question put to plaintiff, whether he had not
   had considerable litigation with the company was discretion-
   ary with the trial court.

4. SAME—VALUE OF STOCK—EVIDENCE.
   Evidence tending to show the value of the stock was properly
   rejected, its value being immaterial.

5. EXPERT EVIDENCE—OPINIONS—IMPROPER QUESTION—CURE BY
   ANSWER.
   A question to a medical witness held improper as invading the
   province of the jury, but cured by the answer.

6. CORPORATIONS — STOCKHOLDERS' MEETINGS — RIGHT TO ATTEND
   —TRANSFER OF STOCK.
   Officers of a corporation cannot justify a trespass in ejecting a
   stockholder from a meeting on the ground that the stock had
   not been properly transferred to him on the books of the
   company, where he had done everything required of him to
   procure the transfer, and he had been adjudicated the owner
   of the stock.

7. SAME—PROXIES.
   Where plaintiff was not denied the right to attend a stock-
   holders' meeting on the ground that his proxies were irregu-
   lar, it was no defense to an action for assault in ejecting him

therefrom that defendants had no information as to the validity of his proxies.

Error to Wayne; Frazer, J.   Submitted November 17, 1904.   (Docket No. 100.)   Decided December 7, 1904.

Trespass vi et armis by John W. Noller against William Wright and George Wright.   There was judgment for plaintiff, and defendants bring error.   Affirmed.

*H. H. Markham* (*Edward S. Grece*, of counsel), for appellants.

*J. Emmet Sullivan*, for appellee.

HOOKER, J.   The defendants have appealed from a judgment of $175 rendered against them by the circuit court for the county of Wayne in an action of trespass vi et armis.

The bill of exceptions shows that a corporation called the Peninsular Tool Manufacturing Company held its annual meeting upon its premises, and that the alleged trespass occurred upon that occasion.   The defendants were officers of that company, and the plaintiff came to the place claiming to be a stockholder entitled to be present at, and take part in, the meeting.   The defendants denied such right, and upon his refusal to depart forcibly ejected him, using no more force than was necessary to overcome his resistance.

The defendants claimed the right to show that the certificate of stock introduced in evidence by the plaintiff had been canceled by the company, and to that end offered the minutes containing a resolution which they relied upon as effecting such cancellation.   The court refused to admit this evidence upon the ground that the stock certificate showed upon its face that it was issued by order of the court to one Patterson, who afterwards assigned it to the plaintiff.

The plaintiff testified that he purchased 74 shares of

138 MICH.—27.

stock from Patterson for $175, for himself, his brother, and Mr. Culverwell, plaintiff's share being 30 shares, and that he received and presented to defendants proxies from them, and the certificates of stock which were issued to them by the officers of the company. He also offered in evidence a notice of the meeting which Patterson had received from the secretary of the company. Mr. Patterson testified that he received the certificate of stock in April, 1902; that while he held the stock he attended meetings, and was recognized by the defendants as a stockholder, and was never informed that the stock had been canceled. He obtained the stock at constable's sale on a justice's judgment.

An offer was made by defendants' counsel to show the minutes of a meeting of the directors of the company held January 15, 1901, at which the stock of George Rakestraw (presumably this should be Norman Roadhouse) and others was ordered canceled. This evidence was excluded upon the ground that the certificate issued to Patterson showed on its face that it was issued in obedience to a mandate of the circuit court for the county of Wayne dated April 4, 1902, proof of which order was made. The court thereupon stated that the counsel could not go back of that action, and that plaintiff was not a trespasser by entering the room.

Counsel proposed to show that the execution sale was invalid, and the court held (1) that it was a collateral issue, and a point that these defendants could not set up in defense; and (2) that the question was concluded by the proceedings in the circuit court.

The statement of the case made in defendants' brief is, in short, that the plaintiff is principal owner and officer of a rival company, which had its place of business near the defendants' plant; that when defendants' company was organized one Roadhouse assigned patterns of an auger, agreeing in consideration of 340 shares to procure a patent, and assign it to defendants' company. He failed to obtain the patent, and the auger being, therefore, of

no value, the company canceled the stock in January, 1901. Patterson bid in some of the Roadhouse stock after such cancellation, and Noller obtained it from him. It is said that the stock had not been transferred on the books of the company. The record fails to support a number of these statements, and there is sufficient in it to indicate that this stock was issued to plaintiff in compliance with an order of the circuit court for the county of Wayne. We discover nothing in the record to militate against its validity, and until there was such evidence proof of a previous attempt at cancellation by the company was immaterial.

Of the assignments of error we may say that the notice to Patterson to attend this meeting was admissible, as it tended to show a recognition of his ownership of this stock. The secretary also testified on cross-examination that in issuing this notice he was governed by the records as they appeared on the books.

The exclusion of the question to the plaintiff, " You had considerable litigation with the company prior to this?" should not reverse the case. The question raised a collateral issue, and, while the court might have permitted it, we will not review the exercise of his discretion.

The plaintiff was asked to state a conversation with defendants' counsel shortly before he purchased the stock, and this was excluded. Counsel claim that they should have been permitted to show by him that the stock was worthless. We do not see that want of value in the stock affected plaintiff's rights to attend this meeting. Its validity could not, upon this record, depend upon this conversation, in view of the compulsory issue of the stock after the adjudication of Patterson's right to it.

A medical witness was asked:

" If Mr. Noller is now suffering pain or weakness in the ankle, some pain in the back, what would you say was the cause of these, which he did not have before this injury?"

He answered:

"Injury to the ankle of that kind would cause not only pain, but weakness there for some time, and it was not impossible that the pain he suffered further than that could be referred to the injury."

The answer cured some of the objectionable features of the question. It cannot be said to have invaded the province of the jury, though the question was open to such a criticism. We find nothing in the answer that will warrant a reversal of the case.

The admission of the execution is an unimportant matter, as it was not essential to the plaintiff's case.

It is said that the remaining assignments of error "depend on two things:" *First*, was he [Noller] in such a position, as a stockholder, if such at all, as to entitle him to the right to attend the meeting; and, *second*, if not, had he the right by authority of any proxy he produced, or by any other authority? The record conclusively shows that the plaintiff was a stockholder, and had a right to attend this meeting.

It is said that the stock was not transferred upon the books, as required by 2 Comp. Laws, § 7052. If there is evidence that it was not so transferred, it was not plaintiff's fault. He presented his stock, and, instead of transferring it, or asking him to wait to have it transferred, or denying his right to attend upon that ground, defendants denied his having any rights as a stockholder upon the claim that the stock was canceled, notwithstanding the fact that they had been defeated upon that very question in a court of record, and had acquiesced in and performed the decree.

The second objection is predicated on the want of information as to the proxy. No such reason was given for the denial of plaintiff's right, and there is nothing tending to show any irregularity in, or suspicion of, them when presented.

The judgment is affirmed.

The other Justices concurred.